IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WINGROVE FELTON ROBINSON,<br><br>　　　　　　Plaintiff,<br>v.<br><br>SOKOLOVE LAW FIRM, MOTLEY RICE, MARY SPIKES, TRAVEL INN, and A PATES,<br><br>　　　　　　Defendants. | NO. 1:23-CV-00134-MJT-ZJH |

## REPORT AND RECOMMENDATION DISMISSING CASE

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. On April 5, 2023, *pro se* Plaintiff Wingrove Felton Robinson filed the instant *Complaint* (Doc. No. 1), and on April 19, 2023, Robinson paid this Court's filing fee. Doc. No. 4.

On April 20, 2023, the undersigned issued an *Order and Advisory Regarding Service of Process* ("Order and Advisory") (Doc. No. 5), informing Robinson that he must "serve[e] a copy of the complaint and a summons to appear on each defendant, in accordance with the requirements of federal law." Doc. No. 5 at 1. The *Order and Advisory* ordered Robinson to serve all Defendants to this case within ninety (90) days of the issuance of the Order, and required that he file a return of proof of service with the Clerk of Court thereafter. *Id.* Further, on page three of the *Order and Advisory*, the undersigned provided guidance and instruction on how Robinson may effectuate such service. *Id.* at 3.

On April 21, 2023, the Clerk's Office issued summonses to Robinson to serve three (3) of the five (5) defendants in this case. Doc. No. 6. On that same date, the undersigned issued to

Robinson an *Order to Provide Defendants' Contact Information*, noting that "Plaintiff has failed to provide addresses to serve Defendants Sokolove Law Firm and Motley Rice," and that he "*must* provide the information necessary to issue a proper summons*"* pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Doc. No. 7 at 1 (emphasis in original).  Therefore, the court ordered Robinson to provide the address information for both defendants by "**Friday, May 5, 2023**." *Id.* at 2 (bold and underlining in original).

Since the undersigned issued this *Order*, Robinson has failed to provide the addresses for Defendants Sokolove Law Firm and Motley Rice.  Further, on May 26, 2023, Robinson filed a Certified Mail Green Card, showing that *he* attempted to serve Sokolove Law Firm—without a proper summons from the Clerk's Office—and that Defendant Spikes has refused to be served. Doc. No. 10 at 1–2.

Federal Rule of Civil Procedure 4(m) is clear:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Robinson filed his *Complaint* (Doc. No. 1) on April 5, 2023.[1]  On April 20, 2023, the court ordered Robinson to effectuate service of summons on all Defendants within ninety (90) days of the court's order.  Doc. No. 5.  Robinson therefore had until Wednesday, July 19, 2023 to effectuate service of summons.  FED. R. CIV. P. 6(a)(1) (computation of time).  In failing to serve the

---

[1] Pursuant to Rule 4(m), therefore, service on each defendant was due by July 5, 2023.  *See* FED. R. CIV. P. 6(a)(1)(C) (exclude legal holidays, such as Independence Day from computation of time).

defendants, Robinson has therefore violated Rule 4(m) and this court's orders. "Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (footnote and citations omitted); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court. . . . The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by the defendant.") (internal citations omitted); *Spiewak v. Kimberley*, No. 4:22-CV-00813-SDJ-CAN, 2023 WL 3690002, at *1–2 (E.D. Tex. May 3, 2023) (dismissing action *sua sponte* under Rule 41(b) where plaintiff failed to comply with court order to pay an initial part of filing fee and provide current physical mailing address).

In the present matter, Robinson has failed to comply with two of the court's previous Orders. Doc. Nos. 5, 7. First, the court ordered Robinson to serve all defendants within ninety (90) days of its April 20, 2023 *Order and Advisory*, and then "file a return (*i.e.*, proof) of service with the Clerk of Court for the Defendants immediately after service is made on the Defendants." Doc. No. 5 at 1. More than ninety (90) days have passed, and Robinson has failed to file any such proof of service on the Defendants. The only proof that he has submitted is a Certified Mail Green Card, which indicates that *he* attempted to serve Defendant Mary Spikes. The *Order and Advisory* was clear that "[t]he complaint and summons may be served by any person who is **not a party** and who is at least eighteen years of age." Doc. No. 5 at 3, ¶ 2 (bold and underlining in original) (citing FED. R. CIV. P. 4(c)(2)). Robinson's single attempt to serve one of the Defendants was therefore improper, and in violation of the court's order to do otherwise.

Second, Robinson failed to comply with the court's second *Order* (Doc. No. 7) in this action, which required Robinson to file a supplemental filing with the court by May 5, 2023, with

3

the contact information for Defendants Sokolove Law Firm and Motley Rice.  Doc. No. 7 at 1–2. This deadline has long passed, and Robinson has failed to comply with this court order as well.

Therefore, the undersigned must recommend that the court *sua sponte* dismiss this action for two reasons:  First, Robinson has not effectuated service upon all Defendants within the period required by Rule 4(m), and second, Robinson has failed to comply with two of the court's Orders in this action (Doc. No. 5, 7).

### I.     Recommendation

The undersigned recommends **DISMISSING** the present action for Plaintiff Wingrove Felton Robinson's failures to effectuate service of summons on the Defendants and failure to comply with the court's previous Orders.

### II.    Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77

(5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 31st day of July, 2023.

                                                                    Zack Hawthorn
                                                                    United States Magistrate Judge